IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT S. TRAMMELL #0003934, ) ) ) Plaintiff, ) ) v. ) ) DR. RUDD, et al., ) ) Defendants. ) | NO. 3:21-cv-00240 JUDGE CAMPBELL |

## MEMORANDUM AND ORDER

Plaintiff, an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed a pro se Complaint for Violation of Civil Rights Filed Pursuant to 42 U.S.C. § 1983. (Doc. No. 1). In lieu of the filing fee, Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). (Doc. No. 2). That IFP Application, however, was not accompanied by a trust account statement as required by the applicable statute. *See* 28 U.S.C. § 1915(a)(2) (requiring 6-month trust account statement in support of application). Accordingly, the Court denied Plaintiff's IFP Application and gave him 30 days to file a new one. (Doc. No. 4).

On the same day that Order was entered, the Court received Plaintiff's trust account statement. (Doc. No. 5). In the interest of judicial economy, therefore, the Court sua sponte reconsiders its Order denying Plaintiff's original IFP Application and will consider the IFP Application as supported by the recently received documentation. The case is thus before the Court for a ruling on the IFP Application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, his IFP Application (Doc. Nos. 2, 5) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff must still pay the $350.00 civil filing fee in installments. The administrator of the facility in which Plaintiff is currently incarcerated, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the administrator of the facility where Plaintiff is incarcerated to ensure payment of the filing fee. If Plaintiff is transferred from his present place of confinement before the fee is paid in full, the custodian must ensure that a copy of this Order follows him to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE COMPLAINT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that in February 2021 he slipped on a wet floor in his jail cell and fell, hitting his left elbow, back (which had previously been broken), and head so hard that he was almost knocked unconscious and could not move for some time. (Doc. No. 1 at 6). When he could move, he crawled to his cell door and got the attention of another inmate, who called for help. "[A] few guards and maybe a nurse" responded to the scene, and Plaintiff complained of severe

3

pain in his head, elbows, and back. (*Id.*) Someone checked his pulse and blood pressure, shined a flashlight in his eyes, and asked him to squeeze their hand. One of the guards kicked Plaintiff in the ribs and asked if he could feel it. The guards then picked Plaintiff up by his arms and legs, put him in bed, and said they would return to check on him and bring him something for pain. (*Id.*) The guards did not return, and Plaintiff never received any further medical attention or treatment despite his repeated requests for medical attention to guards who simply said they would "let somebody know." Plaintiff alleges that he still suffers from pain due to his fall. (*Id.*) In addition to Rutherford County, Plaintiff sues Dr. Rudd and Chief Fly in their official capacities only. (Doc. No. 1 at 2–3). He seeks damages of $50,000 from each Defendant. (*Id.* at 7).

Deliberate indifference to an inmate's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment rights of convicted prisoners and Fourteenth Amendment rights of pretrial detainees. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Other than indicating that he continued to be in some amount of pain in the weeks after his fall, Plaintiff does not provide any details about his alleged injuries. But even assuming that Plaintiff's injuries were serious enough to satisfy this test, Plaintiff does not allege facts that would make the named Defendants liable for any violation. He does not allege that Rudd or Fly were

4

among those who saw him immediately after his fall or that they were personally involved in the failure to provide him with care afterward; indeed, he does not even sue them in their individual capacities. Instead, he sues them in their official capacities, which is redundant to his claim against Rutherford County itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"); *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989) (explaining that suit against government employee in official capacity is "essentially a suit directly against the local government unit"). And while an inmate may state a claim against a local government by alleging that a violation of his rights arose from some official governmental policy or custom, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978), Plaintiff does not allege that any Rutherford County policy was responsible for any of the events he describes. He also does not identify or sue the guard who allegedly kicked him or any of the individuals who were personally involved in denying him care. Accordingly, Plaintiff fails to state any viable claim against the Defendants named in his Complaint.

### III. CONCLUSION

For the reasons explained above, Plaintiff's claim is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B). Because it is conceivable that Plaintiff might be able to allege specific facts sufficient to support a claim in connection with the alleged lack of medical care and/or the kick to his ribs, this dismissal is without prejudice to Plaintiff's ability to file a new complaint to include those facts. He may do so by filing, within **28 days** of the entry of this Order, a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, along with a motion to amend complaint AND the proposed amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a

district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (internal quotation marks and citations omitted)). Plaintiff is cautioned that any such complaint must be complete in itself without any reliance on his original Complaint to support his claims. *See Gould v. California Dep't of Corr. & Rehab.*, No. 19-CV-00015-HSG, 2019 WL 2059660, at *3 (N.D. Cal. May 9, 2019) (plaintiff may not plead "in a piecemeal fashion by filing separate documents that are intended to be read together as a single complaint," but must file a complaint "that is complete within itself without reference to any . . . other pleadings").

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE